# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>    Ivelisse M. Perez,<br><br>                    Debtor. | Case No. 22-11207-mdc<br><br>Chapter 7<br><br>Adversary No. 22-00051 |
| Ciara Borges, Liana Marciel and Liana Marciel as Parent and Natural Guardian of Lyla Wulffen, a minor,<br><br>                    Plaintiffs,<br><br>            v.<br><br>Ivelisse M. Perez,<br><br>                    Defendant. | |

**Defendant's Motion to Dismiss Adversary Proceeding**

Defendant Ivelisse M. Perez, by and through her counsel, respectfully moves this Court for dismissal of this adversary proceeding.

**Standard**

The Court must dismiss claims for relief that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012). In deciding whether to dismiss a claim, the Court must accept the factual allegations as true and draw all reasonable inferences from those allegations, *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), but the allegations must rise above mere speculation, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**Facts**

Ms. Perez filed the underlying bankruptcy case under chapter 7 on May 10, 2022. *In re Perez*, No. 22-11207-mdc, ECF No. 1 (Bankr. E.D. Pa.). On December 13, 2020, Ms. Perez was

driving a vehicle that was struck by another vehicle. ECF No. 1 ¶ 5. She and her passengers, Plaintiffs Ciara Borges, Liana Marciel and Lyla Wulffen, were injured in the accident. *Id.* ¶ 7. Before this bankruptcy case was filed, the Plaintiffs obtained a default state court judgment against Ms. Perez for their injuries. *See Borges v. Perez*, No. 220200151 (Phila. C.C.P.).

On June 14, 2022, the Plaintiffs filed a complaint in this Court requesting determination that debt owed to them by Ms. Perez arising from the accident is not dischargeable under the bankruptcy code because the vehicle Ms. Perez was driving was "fraudulently titled . . . with *presumably* stolen plates . . . and fraudulent car insurance," *Id.* ¶ 2 (emphasis added), because she "fraudulently conspired" to drive the car, *Id.* ¶ 3, because her boyfriend *possibly* changed the license plates before filing a "fraudulent false police report," *Id.* ¶ 8 (emphasis added), and because she "made . . . representations with the intent to deceive who was driving, the ownership of the car, and who the insurer was," *Id.* ¶ 18.

The Plaintiffs also allege that the debt is not dischargeable because Ms. Perez "operated [her] Vehicle in [a] reckless and wanton manner . . . in willful and wanton disregard for the safety of persons or property . . . at a reckless rate of speed . . . while under the influence of alcohol and/or drugs [and that she therefore] fail[ed] to have adequate control of [her] Vehicle as to avoid the subject accident [by] recklessly attempting to make a left turn without first determining whether it was safe to do so . . . ." *Id.* ¶ 10. The Plaintiffs generally allege that Ms. Perez's actions constitute "negligence per se." *Id.*

The complaint does not allege that the authorities charged Ms. Perez with any traffic offense or crime related to the accident. *See* ECF No. 1.

**Argument**

The Court must dismiss this complaint in its entirety because none of the six counts state claims upon which relief can be granted.

> **1. As a matter of law, the Court must dismiss Counts 1, 3, and 5 because they do not state claims upon which relief can be granted.**

Counts 1, 3, and 5 each plead that Ms. Perez violated 11 U.S.C. § 523(a)(2)(A), but do not conform to the pleading standard required for fraud allegations. The complaint does not allege that Ms. Perez is liable for the kind of debt to which § 523(a)(2)(A) applies, it does not allege that the Plaintiffs relied on Ms. Perez's allegedly fraudulent representations, and it does not allege that Ms. Perez's conduct was the proximate cause of the Plaintiff's injuries. Accordingly, these counts do not state claims upon which relief can be granted and the Court must dismiss them pursuant to Fed. R. Civ. P. 12(b)(6).

> **a. The complaint is not plead with the particularity required of fraud claims.**

A complaint for nondischargeability for fraud cannot survive a motion to dismiss unless it makes the required factual allegations. Fed. R. Bankr. P. 7009 (incorporating Fed. R. Civ. P. 9); *In re Glunk*, 343 B.R. 754, 757-58 (Bankr. E.D. Pa. 2006) (Frank, B.J.). Fraud allegations must include "precision or some measure of substantiation . . . ." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

The complaint does not meet this standard because it does not provide a coherent theory of what fraud may have occurred, let alone a measure of substantiation. All but one of the allegations in the complaint are formed simply by inserting the adverbs *fraudulently* and *falsely* into nondescript sentences. The one allegation that is particularly pleaded is total nonsense – how

3

would changing the license plate *after* the accident show that Ms. Perez is liable for injuries *that had already happened*?

The Plaintiff's failure to meet the necessary pleading standard for claims alleging fraud requires that the Court dismiss Counts 1, 3, and 5 pursuant to Fed. R. Civ. P. 12(b)(6).

### b. Section 523(a)(2)(A) does not apply to the kind of debt for which the Plaintiffs allege Ms. Perez is liable.

The Court must dismiss Counts 1, 3, and 5 because the Plaintiffs do not allege that Ms. Perez obtained money, property, services, or credit from the Plaintiffs, which is a necessary element for nondischargeability under 11 U.S.C. § 523(a)(2)(A). *Glunk*, 343 B.R. at 758. "A discharge . . . does not discharge an individual debtor from any **debt . . . for money, property, services, or . . . credit**, to the extent obtained by . . . false pretenses, a false representation, or actual fraud . . . ." 11 U.S.C. § 523 (emphasis added). Section 523(a)(2)(A) "applies expressly when [a] debt follows a **transfer of value or extension of credit** induced by falsity or fraud." *Field v. Mans*, 516 U.S. 59, 66 (1995) (emphasis added). To be nondischargeable under § 523(a)(2)(A), the fraud alleged must involve the delivery or transfer of money, property, services, or credit. *Glunk*, 343 B.R. at 758-759.

The complaint does not allege that the Plaintiffs transferred anything of value to Ms. Perez. The Plaintiff's failure to plead that necessary element requires that the Court dismiss the counts alleging nondischargeability under § 523(a)(2)(A) pursuant to Fed. R. Civ. P. 12(b)(6).

### c. Even if the Court believes that § 523(a)(2)(A) applies to the kind of debt for which the Plaintiffs allege Ms. Perez is liable, the complaint does not contain facts necessary to satisfy the elements of a § 523(a)(2)(A) claim.

Achieving nondischargeability under § 523(a)(2)(A) requires that a plaintiff prove that the creditor relied on the debtor's deceptive representation, and that the misrepresentation was

the proximate cause of the damage that the creditor sustained. *In re Ritter*, 404 B.R. 811, 822 (Bankr. E.D. Pa. 2009) (Frank, B.J.). Even if Ms. Perez did commit fraud, the complaint pleads no facts that show the Plaintiffs relied on her misrepresentations or that any misrepresentations were the proximate cause of their injuries. Did the Plaintiffs ask Ms. Perez who owned and insured the car before they got in? If so, did they only get in the car and drive with her because she assured them that she was the owner and had insurance? We do not know, because the complaint does not say so. Nor does it explain how the misrepresentations could be the proximate cause of the injuries.

The Plaintiff's failure to plead such necessary facts requires that the Court dismiss Counts 1, 3, and 5 pursuant to Fed. R. Civ. P. 12(b)(6).

### 2. As a matter of law, the Court must dismiss Counts 2, 4, and 6 because they do not state claims upon which relief can be granted.

The Court must dismiss Counts 2, 4, and 6 because the Plaintiffs do not allege the kind of conduct to which 11 U.S.C. § 523(a)(6) applies. Section 523(a)(6) applies only to intentional torts. Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998). It is not enough that a debtor acted intentionally – they must have intended the kind of harm that their actions caused. *Id*. They must have either intended her actions would produce injury or that she believed her actions were substantially certain to result in injury. *In re Conte*, 33 F.3d 303, 307-308 (3d Cir. 1994).

The complaint does not plead any facts that show Ms. Perez intended to cause the injuries that the Plaintiffs suffered, or that she otherwise acted in willful or malicious disregard. The allegations that Ms. Perez drove while intoxicated and did not look for oncoming traffic do not rise to that level. 75 Pa. C.S. § 3736 (defining reckless driving as "willful or wanton disregard for the safety of persons or property . . ."); *Com. v. Jeter*, 937 A.2d 466, 468 (Pa. Super. Ct. 2007)

5

(holding that evidence of intoxication alone does not support conviction of reckless driving); *Kawaauhau*, 523 U.S. at 62 ("[A]n initial intentional act [such as] intentionally rotating the wheel of an automobile to make a left-hand turn without first checking oncoming traffic" is not the kind of conduct contemplated by § 523(a)(6)).

Because the Plaintiffs failed to plead facts that would support a claim for relief under § 523(a)(6), Counts 2, 4, and 6 must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## Conclusion

The complaint does not conform to the high standard required for pleading fraud allegations or the low standard required to survive a motion to dismiss, so the Court must dismiss it in its entirety. A proposed form of order is attached.

Dated: July 15, 2022

CIBIK LAW, P.C.
*Counsel for Defendant Ivelisse M. Perez*

By: /s/ Michael I. Assad
Michael I. Assad (#330937)
Michael A. Cibik (#23110)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com