## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 22-11207-mdc |
| Ivelisse M. Perez, | Chapter 7 |
| Debtor. | Adversary No. 22-00051 |
| Ciara Borges, Liana Marciel and Liana Marciel as Parent and Natural Guardian of Lyla Wulffen, a minor, | Amends ECF No. 4 |
| Plaintiffs, | |
| v. | |
| Ivelisse M. Perez, | |
| Defendant. | |

**Defendant's Amended Motion to Dismiss Adversary Proceeding**

Defendant Ivelisse M. Perez, by and through her counsel, respectfully moves this Court for dismissal of this adversary proceeding in its entirety because the Plaintiff's amended complaint does not state claims upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

**Standard**

The Court must dismiss complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012). When reviewing a complaint for dismissal under 12(b)(6), this Court must (1) take note of the elements that must be pleaded to state a claim, (2) identify and then disregard conclusory statements disguised as facts, and (3) decide whether all well-pleaded factual allegations (which the Court must assume are true) plausibly give rise to an entitlement for relief. *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009)). Conclusory statements

are "naked assertions devoid of further factual enhancement," "labels and conclusions," and "formulaic recitation[s] of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotations and alterations omitted). The facts pleaded must show that a claim for relief is "plausible on its face." *Id*. Although the complaint need not show that a defendant probably acted unlawfully, it must show "more than a sheer possibility." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotations omitted). If a complaint does not establish elements of a prima facie case, it must state facts that "raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009)).

**Facts**

Ms. Perez filed the underlying bankruptcy case under chapter 7 on May 10, 2022. *In re Perez*, No. 22-11207-mdc, ECF No. 1 (Bankr. E.D. Pa.). On December 13, 2020, Ms. Perez was driving a vehicle that was struck by another vehicle. (Am. Compl. at 2-3.) She and her passengers, Plaintiffs Ciara Borges, Liana Marciel and Lyla Wulffen, were injured in the accident. (Am. Compl. at 3.) Before this bankruptcy case was filed, the Plaintiffs obtained a default state court judgment against Ms. Perez for their injuries. *See Borges v. Perez*, No. 220200151 (Phila. C.C.P.).

On July 20, 2022, the Plaintiffs filed an amended complaint in this Court requesting determination that debt owed to them by Ms. Perez arising from the accident is not dischargeable under the bankruptcy code because Ms. Perez "operated [her] Vehicle in [a] reckless and wanton manner . . . in willful and wanton disregard for the safety of persons or property . . . at a reckless rate of speed . . . while under the influence of alcohol and/or drugs [and that she therefore]

2

fail[ed] to have adequate control of [her] Vehicle as to avoid the subject accident [by] recklessly attempting to make a left turn without first determining whether it was safe to do so . . . ." (Am. Compl. at 3.) The complaint does not state that the authorities charged Ms. Perez with any traffic offense or crime related to the accident. (*See* Am. Compl.)

## Argument

The Court must dismiss this adversary action in its entirety because the amended complaint does not contain enough well-pleaded facts to support the elements of the Plaintiff's claims.

1. **As a matter of law, the Court must dismiss Counts 1 through 3 because they do not state claims upon which relief can be granted.**

To survive a motion to dismiss, a complaint alleging nondischargeability under § 523(a)(6) "must include allegations that would establish the following elements: (1) wrongful conduct, (2) done intentionally, (3) with . . . knowledge [of the] substantial certainty that [the] conduct would produce injury, and (4) performed without just cause or excuse." *TotalFacility, Inc. v. Brown*, 557 B.R. 363, 373 (Bankr. E.D. Pa. 2016) (Coleman, B.J.). Section 523(a)(6) only applies to intentional torts. *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998). It is not enough that a defendant intentionally took an action that happened to cause an injury – a defendant must have intentionally taken action that they intended to cause an injury. *Id*.

The Court must dismiss Counts 1 through 3 for either of the following reasons.

a. **The amended complaint does not contain well-pleaded facts.**

Given the required elements, a well-pleaded complaint might sound something like this:

*Plaintiff Cosmo Kramer was a passenger in a vehicle driven by Defendant George L. Costanza. After a heated argument, Mr. Costanza said "I hope you enjoy hospital food," then suddenly turned the steering wheel and directed the car into oncoming traffic. As a*

3

*result, Mr. Costanza's car collided with another vehicle, causing personal injury to Mr. Kramer in the form of broken bones, soft tissue damage, and emotional distress.*

But the amended complaint looks nothing like that, because the amended complaint is not well-pleaded. The allegations that Ms. Perez drove without care and was intoxicated are conclusory because they are the kind of naked assertions devoid of factual enhancement that the Supreme Court rejected in *Iqbal*. They don't give any hint of context or circumstance, and thus do not create a reasonable expectation that discovery will reveal evidence of the necessary elements.

The Court cannot determine whether a claim for relief exists without well-pleaded facts to support the claim's elements – particularly concerning Ms. Perez's intent and knowledge. Because the complaint does not contain such well-pleaded facts, Counts 1 through 3 must be dismissed for failure to state a claim upon which relief can be granted.

b. **Even if the amended complaint does contain well-pleaded facts, those facts do not support the required elements of the Plaintiff's claims.**

The amended complaint does not support the elements because it does not plead non-conclusory facts alleging that Ms. Perez intentionally caused the car accident or knew with substantial certainty that her operation of the vehicle would produce injury. *In re Schmucker*, 376 B.R. 256, 258 (Bankr. N.D. Ind. 2007) (holding that a claim for relief under § 523(a)(6) related to a car accident requires the plaintiff to plead facts indicating that the debtor intended to cause her vehicle to collide with another vehicle).

But even if the amended complaint's conclusory statements are taken as well-pleaded facts, they do not establish the intent to produce injury that is required to support a cause of action for three reasons.

First, the various allegations about negligence and recklessness cannot indicate intent. *Menges v. Collins*, 633 B.R. 700, 708 n.2 (Bankr. E.D. Pa. 2021) (Chan, B.J.) ("injuries inflicted recklessly or negligently do not qualify as willful").

Second, the allegation that Ms. Perez made a left turn without checking if it was safe to do does not support a cause of action under § 523(a)(6)) without additional facts showing that she made that turn with the intent to cause injury. *Kawaauhau*, 523 U.S. at 62 ("[A]n initial intentional act [such as] intentionally rotating the wheel of an automobile to make a left-hand turn without first checking oncoming traffic" is not the kind of conduct contemplated by § 523(a)(6)).

Third, the allegation that Ms. Perez was intoxicated does not support a cause of action under § 523(a)(6)) without additional facts showing that she drove while intoxicated with the intent to cause injury or that she knew driving while intoxicated was substantially certain to cause injury. *In re Compos*, 768 F.2d 1155, 1159 (10th Cir. 1985); *Cassidy v. Minihan*, 794 F.2d 340, 344 (8th Cir. 1986); *In re Edwards*, 212 B.R. 245, 247 (Bankr. E.D. Pa. 1997) (Scholl, B.J.); *C.f. In re Dale*, 199 B.R. 1014 (Bankr. S.D. Fla. 1995) (injuries caused by drunk driving are intentional where the defendant is extremely intoxicated); *Contra In re Phalen*, 145 B.R. 551, 555 (Bankr. N.D. Ohio 1992) (injures caused by drunk driving are intentional).

Because the amended complaint's allegations do not support the required elements of a claim, Counts 1 through 3 must be dismissed for failure to state a claim upon which relief can be granted.

**2. As a matter of law, the Court must dismiss Counts 4 through 6 because they do not state claims upon which relief can be granted.**

To prove nondischargeability under § 523(a)(9), a plaintiff must show that a debtor (1) caused death or personal injury by operating a vehicle, and (2) the debtor's "operation [of that vehicle] was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance." 11 U.S.C. § 523.

To determine whether a debtor is unlawfully intoxicated for this purpose, the Court must look to the elements required to prove intoxication under Pennsylvania state law. *In re Tulloch*, 373 B.R. 370, 389 (Bankr. D.N.J. 2007). In Pennsylvania, a person's operation of a vehicle is unlawful if (1) the alcohol level in their blood or breath is more than 0.08% within two hours of driving, (2) their blood contains any amount of a schedule I controlled substance or a metabolite thereof (3) their blood contains any amount of a schedule II or III controlled substance (or a metabolite thereof) that has not been prescribed to them, (4) they are under the influence of drugs to a degree that impairs their ability to safely drive, (5) they are under the influence of both drugs and alcohol to a degree that impairs their ability to safely drive, or (6) they have consumed any amount of alcohol that "render[s] [them] incapable of safely driving." 75 Pa. C.S. § 3802. In the absence of substance testing, it must be shown that consumption has "substantially impaired the normal mental and physical faculties required to safely operate [a] vehicle . . . diminut[izing] or enfeebl[ing] . . . the ability to exercise judgment, to deliberate[,] or to react prudently to changing circumstances and conditions." *Commonwealth v. Gause*, 164 A.3d 532, 541 (Pa. Super. Ct. 2017) (quoting *Commonwealth v. Palmer*, 751 A.2d 223, 228 (Pa. Super. 2000)).

Given the elements prescribed by § 523(a)(9) and Pennsylvania law, a well-pleaded complaint might look something like this:

*Defendant Michael G. Scott drank about a quarter of a margarita during a recent office party at Chilli's. While leaving the restaurant, Mr. Scott was so impaired by the alcohol in the margaritas that he stumbled into to his Chrysler PT Cruiser. A short time later, Mr. Scott drove through a red light and struck a vehicle driven by Plaintiff Dwight K. Schrute, causing personal injury to Mr. Schrute in the form of broken bones, soft tissue damage, and emotional distress.*

But the amended complaint looks nothing like that, because it is not well-pleaded. It does not contain any facts that alcohol or drugs in Ms. Perez's system exceeded the legal limits, or that she lacked the mental and physical faculties to exercise judgment, to deliberate, or to react prudently to changing circumstances and conditions. **The amended complaint does not even contain a well-pleaded fact that Ms. Perez consumed alcohol or drugs in any amount at all.** It says only that Ms. Perez "was operating the vehicle under the influence of alcohol and/or drugs so that she was too impaired to safely drive," and that she was "intoxicated from using alcohol, a drug, or another substance." Both are conclusory statements because they are naked allegations without factual enhancement. Because neither statement gives even a hint of context or circumstances, the statements do not give rise to a reasonable expectation that discovery will reveal evidence of the necessary elements.

The Court cannot determine whether a claim for relief exists without well-pleaded facts to support the claim's elements – particularly the degree to which Ms. Perez was allegedly intoxicated, what substances she was intoxicated by, and, in the absence of substance testing, the observations of her conduct and mental state that would give rise to a showing that consumption of any substances impaired her physical and mental faculties. Because the complaint does not contain such well-pleaded facts, Counts 4 through 6 must be dismissed for failure to state a claim upon which relief can be granted.

## Conclusion

This adversary proceeding must be dismissed in its entirety because the amended complaint is not well-pleaded. Most of the facts put forward are naked allegations without factual enhancement, which is below the pleading standard the Supreme Court established in *Iqbal*. The amended complaint does not contain any facts that make the claims stated more than a sheer possibility, nor does it give the kind of context that gives a reasonable expectation that discovery would reveal facts that would establish the required elements. Even if the complaint accepts every fact in the complaint as well-pleaded, those facts do not establish claims upon which relief can be granted because they do not satisfy the elements of the claims stated.

## Request for Relief

Ms. Perez hereby requests that this Court enter an order:

a. dismissing this adversary proceeding with prejudice for failure to state claims upon which relief can be granted,

b. dismissing the Plaintiff's claims under 11 U.S.C. § 523(a)(6) (Counts 1 through 3) for failure to state a claim upon which relief can be granted,

c. dismissing the Plaintiff's claims under 11 U.S.C. § 523(a)(9) (Counts 4 through 6) for failure to state a claim upon which relief can be granted, and

d. granting such other relief as may be necessary and proper under the law.

Ms. Perez consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

Dated: August 7, 2022

                        CIBIK LAW, P.C.
*Counsel for Defendant Ivelisse M. Perez*

By: /s/ Michael I. Assad
    Michael I. Assad (#330937)
    Michael A. Cibik (#23110)
    1500 Walnut Street, Suite 900
    Philadelphia, PA 19102
    215-735-1060
    mail@cibiklaw.com